■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADEEB LOVETT, Appellant. [606 NYS2d 218] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered October 26, 1989, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Viewed in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), the evidence that the arresting officers recovered 196 glassine envelopes of heroin from the front seat and floor of the car defendant was driving was legally sufficient to establish defendant's guilt beyond a reasonable doubt *(see, People v Woolridge,* 192 AD2d 686; *People v Warrington,* 192 AD2d 735). That a passenger in the car pleaded guilty to possession of this heroin did not preclude a finding that defendant and the passenger possessed the heroin jointly *(People v Torres,* 68 NY2d 677, 679), and did not rebut the statutory presumption of possession (Penal Law § 220.25 [1]) on which the court relied.

We have considered defendant's other claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.

■ GEORGE DJORDJEVIC, Respondent, v ROBERT D. WICKHAM et al., Appellants. [606 NYS2d 219] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered June 24, 1992, which denied defendants' motion to dismiss the complaint as barred by the Statute of Limitations, unanimously affirmed, with costs.

Except for occasional interruptions of less than two years, defendant doctor treated plaintiff's decedent for chronic cystitis, a condition that can be pre-cancerous, from 1962 to 1989, when primary bladder cancer was diagnosed, and continuing to January 1990, when the last consultation took place. It is evident that this course of treatment was continuous and related to the same original condition or complaint. Commencement of the action within two years and six months of the last date of treatment was therefore timely under the continuous treatment doctrine *(see, Massie v Crawford,* 78 NY2d 516, 519). Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.

■ MARIO J. FORTE, Individually and as Administrator of