■ The People of the State of New York, Respondent, v John J. Burns, Appellant. [792 NYS2d 700]—

Mercure, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 6, 2004, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

In January 2002, defendant was a front seat passenger in a car that was stopped on the side of State Route 37, less than one mile from the Canadian border. Border patrol agent Gilbert Gonzales approached the vehicle and asked the occupants their purpose for being in the area and for identification. The driver, John Rizzo, told Gonzales that they had just left the Akwesasne casino. Neither Rizzo, defendant nor the back seat passenger, Kevin Perri, presented any identification. Thereafter, two other border patrol agents, Tony Moncibaiz and Isaias Lopez, arrived on the scene, and the occupants complied with requests to exit the vehicle. Upon receiving Rizzo's consent to search the trunk,

---

Moncibaiz found two large duffle bags containing in excess of 30 pounds of packaged marihuana. Based upon these events, defendant was charged with criminal possession of marihuana in the first degree.

At the close of the People's case at trial, County Court denied defendant's motion to dismiss the indictment on the ground that there was insufficient evidence that he was in constructive possession of the marihuana.* Defendant was convicted as charged and he now appeals.

To sustain a conviction for criminal possession of marihuana in the first degree, the People must present evidence that the defendant "knowingly and unlawfully possesses" more than 10 pounds of marihuana (Penal Law § 221.30). As weight in excess of the statutory threshold is not disputed, this appeal turns on whether there was legally sufficient evidence of defendant's knowing possession of the marihuana. Where, as here, the case proceeds upon the theory of constructive possession, the People must present evidence that "the defendant exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found" (*People v Manini*, 79 NY2d 561, 573 [1992], quoting Penal Law § 10.00 [8]; *see People v Edwards*, 206 AD2d 597, 597 [1994], *lv denied* 84 NY2d 907 [1994]), i.e., the vehicle or its trunk. In such circumstances, evidence of defendant's mere presence in the vehicle where drugs are found is not sufficient evidence of constructive possession (*see People v Headley*, 74 NY2d 858, 859 [1989]; *People v Russell*, 34 NY2d 261, 265 [1974]).

Rizzo testified that upon arriving at the casino, he left the key in the car as instructed by Perri, but he did not know what occurred in the parking lot while he was inside the casino. Rizzo noticed that both defendant and Perri were absent from the casino for approximately one hour, and he saw them return together. However, Rizzo indicated that he never saw the bags before he left the casino and could not state who had placed them in the trunk. While access to a vehicle by others does not necessarily foreclose a finding of constructive possession (*see People v Torres*, 68 NY2d 677, 679 [1986]), the lack of any direct evidence linking defendant to the marihuana in the trunk placed a "heavy burden" upon the People to establish that essential element (*People v Rodwell*, 246 AD2d 916, 918 [1998]; *see People v Butts*, 177 AD2d 782, 784 [1991]).

---

* The People had previously indicated that they did not intend to rely upon the statutory presumption of knowing possession (*see* Penal Law § 220.25 [1]), and County Court instructed the jury only on the issue of constructive possession.

Certainly, there was evidence from which the jury could have inferred that defendant was aware there was marihuana in the car. Lopez and Moncibaiz testified that they smelled the strong odor of marihuana from inside the car, and Rizzo testified that defendant was present when he and Perri discussed the plan to "pick something up" at the casino. However, defendant's mere knowledge of the presence of marihuana, without proof that he had the "ability and intent to exercise dominion or control over the contraband" (*People v Wesley*, 73 NY2d 351, 361-362 [1989]), is insufficient to establish constructive possession (*see People v Rivera*, 82 NY2d 695, 697 [1993]; *People v Francis*, 79 NY2d 925, 926-927 [1992]; *compare People v Edwards, supra* at 598, *with People v Tarver*, 292 AD2d 110, 113-114 [2002], *lv denied* 98 NY2d 702 [2002], *and People v Rivers*, 169 AD2d 883, 884 [1991], *lv denied* 77 NY2d 999 [1991]; *see also People v Russell*, 2 AD3d 1455, 1456-1457 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Mallory*, 234 AD2d 913, 914 [1996], *lv denied* 89 NY2d 1013 [1997]).

Review of the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v David*, 234 AD2d 787, 789 [1996], *lv denied* 89 NY2d 1034 [1997]) reveals a record devoid of evidence that defendant exercised dominion or control over the vehicle, the trunk or the marihuana. Defendant was not the owner or operator of the car in which the marihuana was found. The only car key was in Rizzo's possession, and the mechanism for unlocking the trunk was located in the dashboard on the driver's side. The bags containing the marihuana were in the trunk and were neither visible to defendant nor within his immediate reach. There was no evidence that clothing and other personal effects found in the trunk belonged to defendant. The implication that defendant was with Perri during the time when the marihuana was presumably placed in the trunk is not sufficient evidence of defendant's ability and intent to exercise dominion and control over the vehicle or its trunk, and we therefore reverse.

In light of the foregoing, we need not address defendant's remaining contentions.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.

