■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAREN A. BROOKS and CLAUDE A. CHARLES, Appellants. [804 NYS2d 140]—

Peters, J. Appeals from two judgments of the County Court of Chemung County (Hayden, J.), rendered December 19, 2003 and December 24, 2003, convicting defendants following a nonjury trial of the crime of criminal possession of a controlled substance in the third degree.

On February 10, 2003, State Troopers Michael Schreiber and Donald Kucmierkowski received information from the Chemung County Drug Task Force that there was an outstanding warrant for the arrest of defendant Claude A. Charles. They were further advised that Charles would be traveling in a blue Ford

Windstar with another individual along State Route 17 sometime after midnight and that Charles would be transporting narcotics from New York City.

At approximately 2:00 A.M. the following day, the troopers observed a blue Ford Windstar drive past them on State Route 17 with the rear license plate obscured by dirt and snow. Upon their initiation of a vehicle stop, the driver applied his brakes, yet the reverse lights of the vehicle also flashed on. Schreiber asked both individuals to identify themselves. Defendant Daren A. Brooks, the driver, correctly identified himself but Charles identified himself as "Ron Charles"; the troopers knew that he was not Ron Charles but rather Claude Charles. Having detected an odor of alcohol in the vehicle, Schreiber asked Brooks to step out of the car. Schreiber showed him the obscured license plate and determined that the odor of alcohol was not coming from him. Kucmierkowski asked Charles to exit the vehicle, once again offered him the opportunity to identify himself and explained the law regarding false personation; he maintained that his name was Ron Charles. He was then arrested for false personation. Determining that Charles smelled of alcohol and observing a six-pack container between the two front seats with only one beer bottle remaining, Schreiber searched the vehicle for open containers of alcohol. In the course of such search, he discovered a blue plastic bag under the passenger's seat containing a white powdered substance which later tested positive for cocaine.

Defendants were charged, through separate indictments, with criminal possession of a controlled substance in the first degree. After a hearing, County Court determined that the stop was justified and that the search of the vehicle was valid. It reasoned that the troopers executed a vehicle and traffic stop based upon probable cause and that the unfolding of events, following the identification of Charles, justified the vehicle search. After a bench trial based upon stipulated facts, defendants were convicted of criminal possession of a controlled substance in the third degree and sentenced as second felony offenders to the recommended sentence of 5 to 10 years.

Upon this appeal, we reject the contention that the suppression issue is unpreserved for our review. Even though defendants' waiver of a jury trial and their acceptance of a bench trial on stipulated facts was the functional equivalent of a guilty plea (see People v Harler, 296 AD2d 712, 713 [2002]), there exists no evidence that they ever knowingly, voluntarily or intelligently agreed to abandon their stated intention to appeal the suppression decision (see People v Muniz, 91 NY2d 570, 575

[1998]). Addressing that determination, we find County Court to have properly concluded that the vehicle's obscured license plate provided proper cause for a stop (*see* Vehicle and Traffic Law § 402 [1]), even though such violation was not the troopers' primary motivation (*see People v Ferraiolo*, 309 AD2d 981, 982 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Robinson*, 97 NY2d 341, 349 [2001]).

Mindful that the stop was pretextual, we further find probable cause to support the scope of the search. Schreiber's testimony established that he detected an odor of alcohol when he approached the vehicle and had observed a six-pack carton of beer with only one bottle remaining. In our view, these circumstances clearly provided sufficient probable cause to suspect a violation of Vehicle and Traffic Law § 1227 (*see People v Blasich*, 73 NY2d 673, 678 [1989]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgments are affirmed.