■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW C. LEADER, Appellant. [811 NYS2d 196]—

Spain, J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered October 21, 2003, upon a verdict convicting defendant of the crimes of operating a motor vehicle while ability impaired, operating a motor vehicle while ability impaired by drugs, aggravated unlicensed operation of a motor vehicle in the third degree, criminal possession of marihuana in the fifth degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, and the traffic infraction of failure to signal a lane change.

Following a jury trial, defendant was convicted of criminal possession of a controlled substance in varying degrees and criminal possession of marihuana in the fifth degree, as well as other crimes and a traffic offense related to his operation of a car on the morning of September 19, 2002. Upon being stopped in Cortland County by a State Trooper who observed defendant commit a traffic infraction, the car's owner, Amy Johnson, the only other occupant of the car who was riding as a front seat passenger, consented to a search of the vehicle. The Trooper found a bag of marihuana under the passenger seat and $1,000 in cash in a bag; in the trunk, he found a black bag containing $45,000 in cash and two spare tires, one too large to fit the vehicle. Defendant and Johnson were arrested and a further search disclosed a second bag of marihuana in a bag containing male clothing, located in the interior of the vehicle. Removal of the rim from the larger spare tire in the trunk revealed a plastic bag wrapped in tape containing a mixture of 45 morphine pills, a narcotic, and 58 diazepam pills, a depressant. Upon his convictions, defendant was sentenced to an aggregate prison term of 3 to 9 years, and he now appeals.

Defendant's sole claim for reversal on appeal is that the evidence of his constructive possession of the drugs (pills) found in the trunk of the vehicle was legally insufficient, a claim

adequately preserved by defense counsel's motion to dismiss at the close of the People's proof (see *People v Gray*, 86 NY2d 10, 19 [1995]). As the contraband was not found in defendant's actual physical possession, the People proceeded on the premise of constructive possession (see Penal Law § 10.00 [8]), which required a "showing that a defendant exercised dominion and control over the place where contraband was seized or over the person who actually possessed the property" (*People v Manini*, 79 NY2d 561, 573 [1992]; see *People v Burns*, 17 AD3d 709, 710 [2005]). Indeed, as County Court instructed the jury, there is a permissive statutory presumption that the presence of a controlled substance in a private auto "is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found" (Penal Law § 220.25 [1]; see *People v Williams*, 301 AD2d 794, 795 [2003]).

Johnson testified that, at the time of the stop, she and defendant were on a return trip to the City of Syracuse, Onondaga County from Baltimore, Maryland, where defendant had delivered what she estimated to be 10 to 13 pounds of marihuana which had been stored in the larger spare tire; hours later a black bag containing $45,000 in cash was delivered to their hotel room. According to Johnson, defendant paid her $1,000, as agreed, to use her car for this purpose. After consuming alcohol and smoking marihuana, defendant insisted they return to New York that night over Johnson's opposition, and her refusal to drive.

Johnson did not know how the larger spare tire got into her trunk or observe defendant put anything into the tire when she picked him up at his home or thereafter. However, prior to leaving Baltimore, defendant had asked her for permission to place something in her car; she agreed but did not observe what he did or ask about it and defendant did not elaborate. During the trip back to New York, defendant repeatedly refused Johnson's requests to pull over due to his erratic driving which made her fearful. When stopped by the Trooper, defendant was described as unusually anxious and hyper and a search of his person revealed blue rubber bands in his pocket like those used to wrap the cash ultimately found in the bag in the trunk. After he was arrested, defendant told Johnson that he had taken five pills, and subsequent tests indicated that defendant's urine contained diazepam, as well as cocaine and marihuana.

Viewing the evidence in the light most favorable to the People (see *People v Contes*, 60 NY2d 620, 621 [1983]), we find that there was legally sufficient evidence that defendant "knowingly

and unlawfully possess[ed]" the requisite quantity of controlled substances or narcotics (defendant does not dispute the proof of the weight of the substances) (Penal Law §§ 220.03, 220.06 [1]; § 220.09 [1]; § 220.16 [1]), in that he exercised "dominion or control" over the trunk area where the contraband was found (*People v Manini, supra* at 573; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence demonstrates that defendant drove the car, controlled the return trip to New York, had free access to the trunk and keys, had used the larger spare tire in the trunk to transport the marihuana which he delivered in Baltimore, stored the cash proceeds of that sale in the trunk and had recently consumed the same type of pills as were concealed in the spare tire. These circumstances establish significantly more than defendant's "mere presence" in the vehicle where the drugs were found or mere knowledge of their presence in the vehicle (*see People v Banks*, 14 AD3d 726, 727 [2005], *lv denied* 4 NY3d 851 [2005]; *cf. People v Headley*, 74 NY2d 858, 859 [1989]; *People v Burns, supra* at 710) and, instead, sufficiently establish both defendant's ability and his intent to exercise dominion and control over this concealed contraband (*see People v Wesley*, 73 NY2d 351, 361-362 [1989]; *see also* Penal Law § 10.00 [8]).

Johnson testified that she did not put any of the contraband in the trunk and the conclusion is inescapable that defendant had secreted his marihuana for delivery, and later the bag of cash proceeds, in the trunk, reflecting his actual access to the trunk (*cf. People v Burns, supra* at 711). Defendant's reliance upon Johnson's testimony that several others had access to her car and trunk in the days prior to leaving the Syracuse area is unavailing, as "access to a vehicle by others does not necessarily foreclose a finding of constructive possession" (*id.* at 710, citing *People v Torres*, 68 NY2d 677, 679 [1986]). Here, Johnson's testimony directly established defendant's access to and use of the trunk and the larger spare tire during the trip to Baltimore, demonstrating his constructive possession of the contraband in the trunk. Also, the fact that Johnson pleaded guilty to possession of the pills concealed in the trunk does not preclude a finding of defendant's constructive possession of them, "since possession may be joint" (*People v Elhadi*, 304 AD2d 982, 984 [2003], *lv denied* 100 NY2d 580 [2003], citing *People v Tirado*, 38 NY2d 955, 956 [1976]; *see* Penal Law § 220.25 [1]; *People v Lovett*, 200 AD2d 421 [1994], *lv denied* 83 NY2d 855 [1994]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.