■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD GARCIA, Also Known as BLAIR YOUNG, Also Known as CAT, Appellant. [817 NYS2d 723]—

Mercure, J.P. Appeal from a judgment of the County Court of Saratoga County (Eidens, J.), rendered July 15, 2004, convicting defendant following a nonjury trial of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, forgery in the second degree (three counts), criminal impersonation in the second degree and false impersonation.

During a traffic stop of a vehicle in which defendant was a passenger and codefendant Donna Tedesco was the driver, Tedesco admitted to Trooper Patrick Judge that she had smoked crack cocaine that day and that there were illegal drugs in the car. Judge placed both Tedesco and defendant under arrest. When asked, defendant indicated erroneously that his name was "Blair Young" and provided an interim paper license with that name. Subsequently, defendant was charged with two counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, three counts of forgery in the second degree, criminal impersonation in the second degree and false imper-

sonation. Following a bench trial, he was acquitted of one count of criminal possession of a controlled substance in the third degree and otherwise convicted as charged. He was sentenced, as a second felony offender, to an aggregate term of 12½ to 25 years in prison. Defendant appeals and we now affirm.

Defendant contends that Judge's approach of the vehicle and the ensuing arrests were unlawful, and asserts that the evidence seized from the automobile should have been suppressed. This argument is unpreserved for our review because, as defendant concedes, he did not move for suppression of the physical evidence found in the car. Nevertheless, defendant asserts that counsel's failure to so move constituted ineffective assistance of counsel. We disagree.

"The decision by a police officer to stop a vehicle is reasonable when supported by probable cause that a traffic violation has occurred . . . [and] [t]he officer's subjective intentions at the time of the traffic stop play no role in ordinary, probable-cause Fourth Amendment analysis" (*People v Ferraiolo*, 309 AD2d 981, 982 [2003], *lv denied* 1 NY3d 627 [2004] [internal quotation marks and citations omitted]; *see People v Robinson*, 97 NY2d 341, 349-350 [2001]; *People v Brooks*, 23 AD3d 847, 849 [2005], *lv denied* 6 NY3d 810 [2006]). At trial, Judge testified that he observed two vehicles in the parking lot of a fast-food restaurant, known to be the site of drug transactions. The vehicles were parked some distance from the entrance in an otherwise empty lot. After defendant and another individual shook hands, defendant got into Tedesco's vehicle and it proceeded past the officer, who pulled out behind it. When the vehicle began to make a left-hand turn into a convenience store parking lot immediately thereafter, Judge observed that it had a brake light out, a traffic violation (*see* Vehicle and Traffic Law § 375 [2]). Accordingly, he pulled into the parking lot behind the vehicle and turned on his emergency lights, initiating the stop.

Based on this testimony, Judge had probable cause for a stop (*see e.g. People v Brooks, supra* at 849). In connection with that stop, he was authorized to direct Tedesco, as the driver of the car, to exit the vehicle (*see People v Mundo*, 99 NY2d 55, 58 [2002]; *People v Williams*, 305 AD2d 804, 806 [2003]). The officer's observation of Tedesco's demeanor and the drug paraphernalia in her pocket, along with her admissions that she had smoked crack and that illegal drugs were located in the vehicle—directly next to defendant and in plain view—would have then provided probable cause to arrest both defendant and Tedesco and authorization to search the vehicle (*see People v Blasich*, 73 NY2d 673, 678 [1989]; *People v Parris*, 26 AD3d

393, 394 [2006], *lv denied* 6 NY3d 851 [2006]; *see generally People v Bell*, 9 AD3d 492, 495 [2004], *lv denied* 3 NY3d 703 [2004]). "Although we recognize that the evidence that would have been presented at a suppression hearing would not necessarily have been identical to that presented at trial, we conclude, on the basis of the trial evidence" regarding Judge's encounter with defendant and Tedesco "that a suppression motion would have had no chance of success" (*People v Patterson*, 22 AD3d 228, 228 [2005], *lv denied* 6 NY3d 757 [2005]) and, thus, counsel's failure to make the motion did not constitute ineffective assistance of counsel (*see id.; People v McDonald*, 255 AD2d 688 [1998]).

Defendant further claims that his convictions for criminal possession of a controlled substance in the third and fourth degrees should be vacated because the statutory presumption of constructive possession was rebutted (*see* Penal Law § 220.25 [1]). This issue is also unpreserved for our review because defendant made only a general motion to dismiss at the close of the People's proof and did not advance the specific argument now made before us (*see e.g. People v Finger*, 95 NY2d 894, 895 [2000]; *People v Sieber*, 26 AD3d 535, 535-536 [2006]). In any event, defendant's argument lacks merit. To establish constructive possession, the People must show "that a defendant exercised dominion and control over the place where contraband was seized or over the person who actually possessed the property" (*People v Manini*, 79 NY2d 561, 573 [1992]; *see People v Leader*, 27 AD3d 901, 903 [2006]). Here, defendant's "ability and his intent to exercise dominion and control over [the] contraband" were established by testimony that he and Tedesco were partners in a drug-selling enterprise and had purchased the crack cocaine in connection with that enterprise, that he had examined the crack after Tedesco purchased it, that he owned the car Tedesco was driving, and that the drugs were found within his immediate reach either in plain view or in a folded receipt with his name on it (*People v Leader, supra* at 904; *cf. People v Burns*, 17 AD3d 709, 711 [2005]). Accordingly, reversal in the interest of justice is not warranted here.

The parties' remaining arguments are rendered academic by our decision.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.