■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN RIOS, Appellant. (Appeal No. 1.) [899 NYS2d 769]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered October 10, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), robbery in the first degree, and grand larceny in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]) and one count of robbery in the first degree (§ 160.15 [3]). In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of forgery in the second degree (§ 170.10 [1]).

Defendant failed to preserve for our review his contention in appeal No. 1 that the conviction of burglary in the first degree and robbery in the first degree is not supported by legally sufficient evidence (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in appeal No. 1 that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant in each appeal that County Court erred in refusing to suppress the victim's identification of him in a photo array. The court was entitled to credit the testimony of the police officers at the suppression hearing that they did not urge the victim to make a particular selection from the photo array. We perceive no basis to disturb that credibility determination inasmuch as it cannot be said that the photo array was unduly suggestive (*see People v Diggs*, 19 AD3d 1098 [2005], *lv denied* 5 NY3d 787 [2005], *amended on rearg* 21 AD3d 1438 [2005]; *see generally People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Prochilo*, 41 NY2d 759, 761 [1977]).

Defendant further contends in each appeal that the court erred in consolidating the indictments for trial because he made the requisite showing of good cause why the indictments should be tried separately pursuant to CPL 200.20 (3). Even assuming, arguendo, that defendant preserved that contention for our review (*see* CPL 470.05 [2]), we conclude that it lacks merit.

" '[T]he decision to consolidate separate indictments under CPL 200.20 [(4)] is committed to the sound discretion of the [court] in light of the circumstances of the individual case, and the decision is reviewable on appeal . . . only to the extent that there has been an abuse of that discretion as a matter of law' " (*People v Bankston*, 63 AD3d 1616, 1616 [2009], quoting *People v Lane*, 56 NY2d 1, 8 [1982]; *see* CPL 200.20 [5]). Here, the offenses in each indictment were joinable pursuant to CPL 200.20 (2) (a) inasmuch as they were based upon the same criminal transaction (*see* CPL 40.10 [2]), and thus it cannot be said that the court abused its discretion in consolidating the indictments for trial (*see* CPL 200.20 [4], [5]; *see generally People v Brown*, 254 AD2d 781, 782 [1998], *lv denied* 92 NY2d 1029 [1998]; *People v Nelson*, 133 AD2d 470, 471 [1987], *lv denied* 71 NY2d 971 [1988], *lv denied upon reconsideration* 72 NY2d 864 [1988]).

We reject the contention of defendant in each appeal that he was denied a fair trial by prosecutorial misconduct. To the extent that defendant contends that the prosecutor improperly elicited the testimony of a police detective who acknowledged that he was familiar with defendant prior to the date on which the offenses at issue were committed, the court struck that testimony and issued a curative instruction to which defendant did not object. Thus, "the curative instruction 'must be deemed to have corrected the alleged error[ ] to defendant's satisfaction' " (*People v Wallace*, 59 AD3d 1069, 1071 [2009], *lv denied* 12 NY3d 861 [2009]). Defendant failed to preserve for our review his contention with respect to an allegedly improper comment by the prosecutor on summation (*see People v Douglas*, 60 AD3d 1377 [2009], *lv denied* 12 NY3d 914 [2009]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, the sentence in each appeal is not unduly harsh or severe. Present—Scudder, P.J., Fahey, Lindley and Green, JJ.