# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

345

KA 11-01635

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

TILLMAN WARD, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered July 20, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court abused its discretion in consolidating two indictments for trial (*see People v Rios*, 72 AD3d 1489, 1490-1491, *lv denied* 15 NY3d 777). We reject that contention. Although the indictments are based upon different criminal transactions, the offenses charged are "the same or similar in law" (CPL 200.20 [2] [c]), and defendant failed to establish that there was "[s]ubstantially more proof on one or more [of the] joinable offenses than on others and [that] there [was] a substantial likelihood that the jury would be unable to consider separately the proof as it relat[ed] to each offense" (CPL 200.20 [3] [a]; *see generally People v Lane*, 56 NY2d 1, 7-8). Indeed, the fact that the jury convicted defendant on the charge from one incident but was unable to reach a verdict with respect to the charge from the other incident "reflects that the jury was able to consider each count as a separate and distinct incident" (*People v Reed*, 212 AD2d 962, 962, *lv denied* 86 NY2d 739).

We also reject defendant's contention that the evidence is legally insufficient with respect to the element of possession. "Defendant's possession of the weapon may be established through the doctrine of constructive possession, which is based on the exercise of dominion and control over the area in which an item is found" (*People*

*v Carter*, 60 AD3d 1103, 1106, *lv denied* 12 NY3d 924).  Here, the police recovered the loaded handgun from the floor under the driver's seat of a vehicle, and defendant admitted to the police that he drove the automobile to the location where it was searched.  The statutory presumption of possession set forth in Penal Law § 265.15 (3) provides that "[t]he presence in an automobile, other than a stolen one or a public omnibus, of any firearm . . . [or] defaced firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon . . . is found."  Furthermore, defendant admitted to the police that he had possessed the weapon and had placed it under the driver's seat.  That admission was confirmed by "DNA samples taken from the handgun [that] were consistent with defendant's DNA, from which an inference could be made that defendant had physically possessed the gun at some point in time" (*People v Robinson*, 72 AD3d 1277, 1278, *lv denied* 15 NY3d 809; *see People v Long*, 100 AD3d 1343, 1344).  We thus conclude that the evidence is legally sufficient to establish the element of possession (*see generally People v Bleakley*, 69 NY2d 490, 495).  Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Even assuming, arguendo, that a different finding would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see id*.).

We reject defendant's further contention that the court erred in denying his request to instruct the jury on the defense of temporary innocent possession of the handgun inasmuch as "there was no reasonable view of the evidence upon which the jury could have found that the defendant's possession was innocent" (*People v Johnson*, 30 AD3d 439, 439, *lv denied* 7 NY3d 813).  Such an instruction is warranted where there is "proof in the record showing a legal excuse for [defendant] having the weapon in his possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" (*People v Williams*, 50 NY2d 1043, 1045).  Here, however, there was no such proof inasmuch as the People established that defendant took the weapon from another person and hid it under the driver's seat of the car he was driving, "and [that] he made no effort to turn the weapon over to the police after secreting it" (*People v Hanley*, 227 AD2d 144, 145).  That evidence "is 'utterly at odds with . . . [a] claim of innocent possession' " (*People v Snyder*, 73 NY2d 900, 902, quoting *Williams*, 50 NY2d at 1045).

Finally, the sentence is not unduly harsh or severe.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court