McCarthy, J.
Appeal from a judgment of the Supreme Court (Lament, J.), rendered March 24, 2011 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
*1297 A jury found defendant guilty of criminal possession of a weapon in the second degree. Supreme Court sentenced him to a prison term of 11 years followed by five years of postrelease supervision. Defendant appeals.
Although defendant’s conviction is supported by legally sufficient evidence, the conviction is against the weight of the evidence. As is relevant here, “[a] person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm” outside of such person’s home or place of business (Penal Law § 265.03 [3]). Here, evidence presented at trial established that a police officer was on patrol in a marked police vehicle in the City of Albany when he drove past defendant and another individual, Kadeem Fox, who were riding bicycles in the opposite direction of the police vehicle. The officer, who was familiar with both individuals, noticed through his rearview mirror that defendant looked over his shoulder at the police vehicle numerous times, which prompted the officer to turn around. As he turned onto Sheridan Avenue, the officer observed Fox on the stairs at 269 Sheridan Avenue and defendant standing about 20 to 30 feet past that house. Upon seeing the officer, Fox ran down the stairs and then defendant and Fox took off on the bicycles. The officer subsequently searched the area and discovered a loaded handgun sitting in front of 269 Sheridan Avenue. When asked about defendant’s location relative to where the officer found the revolver, the officer testified that defendant “was in that general area.”
Laboratory tests verified that the handgun was operable. DNA swabs taken from the trigger and backstrap of the handgun indicated that the DNA was admixed with at least two individual DNA profiles. A comparison of the mixed DNA profiles with that of defendant’s DNA indicated that he could not be excluded as being a contributor of the DNA found on the trigger, and the DNA on the backstrap was consistent with defendant’s profile, with the statistical probability of being randomly included in that DNA profile equaling less than one in 263 million.
Viewing this evidence in a light most favorable to the People, we find that there is a valid line of reasoning and permissible inferences from the evidence presented that could lead a rational person to the conclusion reached by the jury that defendant possessed the weapon on the date and time alleged (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Pope, 96 AD3d 1231, 1234 [2012], lv denied 20 NY3d 1064 [2013]; People v Mateo, 13 AD3d 987, 988 [2004], Iv denied 5 NY3d 883 [2005]). Despite the elements being supported by some credible evidence, because a different finding would not have been unrea *1298 sonable this Court must independently “examine the evidence further,” viewing it in a neutral light to see if the verdict is against the weight of the evidence (People v Bleakley, 69 NY2d at 495; see People v Carter, 60 AD3d 1103, 1107 [2009], lv denied 12 NY3d 924 [2009]).
Even accepting as true the testimony of the People’s witnesses, the evidence here does not prove beyond a reasonable doubt that defendant possessed the handgun at the time and place alleged. No one saw defendant with the gun; he was just near where it was found and his DNA was on it. The officer testified that defendant was 20 to 30 feet past the house, whereas Fox was off his bicycle and appeared to be doing something near the house. The officer further testified that he found the gun in front of that house, and vaguely stated that defendant was in “the general area” where the gun was found. This does not prove that defendant possessed the gun on Sheridan Avenue at that time. Based on the testimony of the officer and the forensic scientist, it is possible that Fox — who the officer had seen directly in front of the house — could have had the gun and left it on the ground at that time, and defendant’s DNA could have been there from handling it previously (which may prove that defendant handled the gun at some point, but not at the date and time alleged in the indictment) or through secondary transfer (i.e., if Fox touched defendant and then the gun, transferring some of defendant’s DNA onto the gun). Because this scenario is equally likely to have occurred, we cannot say that the weight of the evidence supports the verdict finding defendant guilty (see People v King, 265 AD2d 678, 680 [1999], lv denied 94 NY2d 904 [2000]).
Based on our determination to reverse the judgment of conviction and dismiss the indictment, we need not address defendant’s remaining arguments.
Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the facts, and indictment dismissed.