People v Willingham (2018 NY Slip Op 00733)





People v Willingham


2018 NY Slip Op 00733


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1388 KA 14-01859

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VERGIL J. WILLINGHAM, DEFENDANT-APPELLANT. 






MULDOON, GETZ & RESTON, ROCHESTER (JON P. GETZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 14, 2014. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him after a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the conviction is not supported by legally sufficient evidence. We agree.
This prosecution arose from an incident in the City of Rochester that occurred while police officers were keeping a house under surveillance due to reports that its residents might engage in acts of retaliation after a homicide. The officers observed a man, later charged as a codefendant in this indictment, carrying a long gun that had a distinctive slotted stock. The man entered the left rear door of a vehicle while carrying that weapon, defendant entered the right rear door, and the vehicle was driven away. The officers attempted to keep the vehicle under observation and pursued it, but lost sight of it for a time. Other officers stopped the vehicle and removed the four occupants, including defendant and the codefendant described above, who were in the same positions in the vehicle. Nothing of interest was found in the vehicle, but officers found a long gun with a slotted stock on the ground at approximately the location where the officers had lost sight of the vehicle, and the gun was identical to the one that the officers had seen the codefendant take into the vehicle. Within approximately 50 feet of that weapon, the officers also found a handgun and a cell phone. There was no direct evidence connecting defendant to either weapon, although the officers linked the cell phone to him. Defendant was convicted of possessing the long gun, which the parties stipulated was an assault weapon within the meaning of Penal Law § 265.00 (22) (c).
We agree with defendant that the evidence is legally insufficient to support the conviction. There is no evidence that he owned or was operating the vehicle, nor is there evidence that he engaged in any other activity that would support a finding that he constructively possessed the weapon (cf. People v Ward, 104 AD3d 1323, 1324 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]). Furthermore, the statutory presumption of possession set forth in Penal Law § 265.15 (3) also does not apply here. The statute provides that "[t]he presence in an automobile, other than a stolen one or a public omnibus, of any firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon . . . is found" (id.). The statute further provides, however, that the presumption does not apply, inter alia, "if such weapon . . . is found upon the person of one of the occupants therein" (§ 265.15 [3] [a]). Here, the weapon was not found in the vehicle, and the codefendant was holding it while he [*2]was observed entering the vehicle. Consequently, "the evidence is clearcut and leads to the sole conclusion that the weapon was . . . upon the person" of the codefendant (People v Lemmons, 40 NY2d 505, 511 [1976]; cf. People v Collins, 105 AD3d 1378, 1379 [4th Dept 2013], lv denied 21 NY3d 1003 [2013]; Matter of Rhamel C., 261 AD2d 125, 125 [1st Dept 1999]).
The People's contention that defendant threw the weapon out the window, or assisted the codefendant in doing so, because it was found on the right side of the vehicle is based on speculation. Finally, the People introduced no evidence that would support a finding that defendant possessed the weapon as an accomplice. Thus, in the absence of sufficient evidence that defendant possessed the weapon, the evidence is legally insufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We therefore reverse the judgment and dismiss the indictment.
Defendant's remaining contentions are academic in light of our determination.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court