People v Hunt (2020 NY Slip Op 04270)





People v Hunt


2020 NY Slip Op 04270


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


687 KA 18-01628

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERALD HUNT, ALSO KNOWN AS CHERON HUNT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James A.W. McLeod, A.J.), rendered April 26, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed, and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arises from the discovery at a border checkpoint of a loaded handgun in a duffle bag located inside the locked truck of a vehicle in which defendant was the backseat passenger.
Initially, by failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve his challenge to the legal sufficiency of the evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Brooks, 139 AD3d 1391, 1392-1393 [4th Dept 2016], lv denied 28 NY3d 1026 [2016]). Nonetheless, " we necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Danielson, 9 NY3d 342, 349-350 [2007]). As charged to the jury here, a person is guilty of criminal possession of a weapon in the second degree when that person knowingly possesses any loaded firearm and such possession did not take place in such person's home or place of business (see Penal Law § 265.03 [3]; CJI2d[NY] Penal Law § 265.03 [3]). Such person "may be found to possess a firearm through actual, physical possession or through constructive possession" (People v McCoy, 169 AD3d 1260, 1262 [3d Dept 2019], lv denied 33 NY3d 1033 [2019]; see § 10.00 [8]). To establish constructive possession, "the People must show that [such person] exercised dominion or control' over the [firearm] by a sufficient level of control over the area in which the [firearm] is found or over the person from whom the [firearm] is seized" (People v Manini, 79 NY2d 561, 573 [1992]; see CJI2d[NY] Physical and Constructive Possession). We note that the People did not present a case based on the automobile presumption set forth in Penal Law § 265.15 (3) and, thus, the jury was not provided with that charge (see People v Worthington, 150 AD3d 1399, 1401-1402 [3d Dept 2017], lv denied 29 NY3d 1095 [2017]).
Here, upon our independent review of the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we agree with defendant that the verdict is against the weight of the evidence inasmuch as the jury was not justified in finding beyond a reasonable doubt that defendant possessed the handgun in question (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). It is undisputed that the driver owned the vehicle and that [*2]the duffle bag belonged to him as well. The People relied on evidence that defendant's DNA profile matched that of the major contributor to DNA found on the handgun and that the driver was excluded as a contributor thereto. Although " an inference could be made [from that evidence] that defendant had physically possessed the gun at some point in time' " (People v Ward, 104 AD3d 1323, 1324 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]), that evidence alone does not establish that defendant actually possessed the handgun on the date and at the time alleged in the indictment (see People v Graham, 107 AD3d 1296, 1298 [3d Dept 2013]; cf. People v Habeeb, 177 AD3d 1271, 1274 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]).
Further, given the absence of other evidence, the People failed to establish that defendant "exercised dominion or control over the [handgun] by a sufficient level of control over the area in which [it was] found" (People v Burns, 17 AD3d 709, 710 [3d Dept 2005] [internal quotation marks omitted]; see People v Diallo, 137 AD3d 1681, 1682 [4th Dept 2016]; cf. Ward, 104 AD3d at 1324). In this case, defendant's mere presence in the vehicle where the handgun was found did not establish that he constructively possessed it (see Burns, 17 AD3d at 710; see also People v Rolldan, 175 AD3d 1811, 1813 [4th Dept 2019], lv denied 34 NY3d 1081 [2019]). Defendant was not the owner or operator of the vehicle, nor did the duffle bag in the locked trunk belong to him, and there was no evidence that defendant possessed or had access to the keys for the vehicle or that he had any access to or control over the trunk and duffle bag (see Burns, 17 AD3d at 711; cf. Ward, 104 AD3d at 1324; People v Leader, 27 AD3d 901, 904 [3d Dept 2006]). Contrary to the People's contention, defendant's statement to the police did not constitute an admission that he had possessed the handgun (cf. Ward, 104 AD3d at 1324) or that he knew about its presence in the duffle bag and, in any event, mere knowledge of the presence of the handgun would not establish constructive possession (see People v Mattison, 41 AD3d 1224, 1225 [4th Dept 2007], lv denied 9 NY3d 924 [2007]; Burns, 17 AD3d at 711; see generally People v Rivera, 82 NY2d 695, 697 [1993]). We therefore reverse the judgment of conviction and dismiss the indictment.
In light of our determination, we need not consider defendant's remaining contention.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court