People v Brinson (2026 NY Slip Op 00709)

People v Brinson

2026 NY Slip Op 00709

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND DELCONTE, JJ.

894 KA 23-01288

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vBLAINE BRINSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered March 6, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In appeal No. 2, defendant appeals by permission of this Court from an order denying his motion pursuant to CPL 440.10 to vacate the judgment of conviction in appeal No. 1.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in appeal No. 1 that the verdict is against the weight of the evidence on the issue of defendant's possession of the subject handgun (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, when the police initiated a traffic stop of the vehicle defendant was driving, defendant led police on a pursuit that ended when defendant's vehicle struck another vehicle. Defendant then fled on foot. The front-seat passenger, the only other person in defendant's vehicle, was impeded from leaving the vehicle due to collision damage. When the passenger ultimately exited the vehicle, an officer observed a handgun in the passenger's waistband. In the course of arresting the passenger, the arresting officer observed the subject handgun on the front armrest between the driver's seat and the passenger's seat. According to expert testimony at trial, a DNA sample taken from the handgun revealed a mixture of contributors, with defendant's DNA being the major component. Based on the circumstances surrounding the recovery of the subject handgun and the corroborating DNA evidence, we conclude that the verdict is not against the weight of the evidence on the issue of possession (see People v Campbell, 128 AD3d 1401, 1401-1402 [4th Dept 2015], lv denied 26 NY3d 927 [2015]; People v Ward, 104 AD3d 1323, 1324 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]; cf. People v Hunt, 185 AD3d 1531, 1533 [4th Dept 2020]).
Defendant further contends in appeal No. 1 that Supreme Court erred in denying that part of his motion seeking to dismiss the indictment pursuant to CPL 30.30 on the ground that the People's failure to turn over certain discovery material rendered the initial certificate of compliance invalid. Defendant specifically contended that the People possessed or were deemed to be in possession of the identified material before they filed the initial certificate of compliance (cf. People v Campbell, 243 AD3d 1221, 1221-1222 [4th Dept 2025]). The court orally denied the motion one day after it was filed and before the People filed their response. The court did not specifically address defendant's contention that, prior to filing the initial certificate of compliance, the People possessed or were deemed to be in possession of the material pursuant to [*2]CPL 245.20 (former [1]) and (former [2]), and it did not address whether the People had exercised due diligence as required by CPL 245.50 (former [1]) before filing that certificate of compliance.
We agree with defendant that the court erred in denying his motion without determining those issues. CPL 245.20 (1) addresses the "initial discovery" that the People must provide to a defendant, automatically and without specific request. The initial discovery obligations implicate speedy trial rights through the application of CPL 245.50 (3), which requires the People to file a valid certificate of compliance before stating trial readiness. In order to file a valid certificate of compliance, the People must "state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [former (1)]). As relevant here, the People were required to disclose material "in the possession, custody or control of the prosecution" (CPL 245.20 [former (1)]), and "all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution" (CPL 245.20 [former (2)]). Here, the court failed to address whether the People were in possession of or were deemed to be in possession of initial discovery before they filed the initial certificate of compliance or, if they were, whether the People nevertheless exercised due diligence before filing the initial certificate of compliance. Thus, as the People correctly concede, we must hold the case, reserve decision, and remit the matter in appeal No. 1 to Supreme Court to determine the abovementioned outstanding issues, upon further submissions if warranted, and, if the court concludes that the initial certificate of compliance was invalid, to determine whether the People were nevertheless ready within the requisite time period (see generally People v Mosley, 243 AD3d 1345, 1346-1347 [4th Dept 2025]; People v Walker, 228 AD3d 1318, 1320 [4th Dept 2024]).
In light of our determination, we do not address defendant's remaining contentions in appeal No. 1 or his contention in appeal No. 2.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court