■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MATTISON, Appellant. [837 NYS2d 464]—

Appeal from a judgment of the Herkimer County Court (Pat-

rick L. Kirk, J.), rendered April 7, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [2]). Defendant contends that the evidence is legally insufficient to establish his constructive possession of methamphetamine found in an apartment where two of his friends resided and that the verdict is against the weight of the evidence. We reject those contentions. To meet their burden of proving defendant's constructive possession of the drugs, the People had to establish that defendant "exercised dominion or control over [the drugs] by a sufficient level of control over the area in which [they were] found" (*People v Orta*, 184 AD2d 1052, 1053 [1992] [internal quotation marks omitted]; *see People v Manini*, 79 NY2d 561, 573-574 [1992]). Neither "defendant's mere presence in [an apartment] where drugs are found" nor defendant's "mere knowledge of the presence of" the drugs is sufficient to establish constructive possession (*People v Burns*, 17 AD3d 709, 710-711 [2005]; *see People v Banks*, 14 AD3d 726, 727 [2005], *lv denied* 4 NY3d 851 [2005]; *People v Knightner*, 11 AD3d 1002, 1004 [2004], *lv denied* 4 NY3d 745 [2004]; *People v Edwards*, 206 AD2d 597, 597-598 [1994], *lv denied* 84 NY2d 907 [1994]). Here, the drugs were found in open view in a back room of the apartment, and a codefendant testified that she had been smoking the methamphetamine with defendant in that room, along with her boyfriend. Significantly, that codefendant also testified that defendant was free to use all of the methamphetamine in the room. Further, two of the arresting officers saw defendant as he was either exiting the back room or standing in the doorway. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's constructive possession of the drugs inasmuch as they were "readily accessible and available" to defendant (*People v Hyde*, 302 AD2d 101, 105 [2003], *lv denied* 99 NY2d 655 [2003]), and we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that he was denied a fair trial by County Court's failure to conduct a *Ventimiglia* hearing (*see* CPL 470.05 [2]; *People v*

*Thomas,* 226 AD2d 1071 [1996], *lv denied* 88 NY2d 995 [1996]; *see also People v Ramos,* 220 AD2d 330 [1995], *lv denied* 87 NY2d 976 [1996]). The record establishes that the court agreed to defendant's request for a *Ventimiglia* hearing and that defendant did not object to the court's failure to conduct that hearing. Defendant therefore is deemed to have waived his present contention (*see generally People v Fidler,* 28 AD3d 1220 [2006], *lv denied* 7 NY3d 755 [2006]). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Smith,* 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Pine, JJ.