People v Nevins (2021 NY Slip Op 04423)





People v Nevins


2021 NY Slip Op 04423


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


95 KA 20-01130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RODNEY NEVINS, DEFENDANT-APPELLANT. 






SCOTT F. RIORDAN, AMHERST, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered October 8, 2019. The judgment convicted defendant upon a nonjury verdict of criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree (two counts) and obstructing governmental administration in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]), defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. We reject those contentions.
Although defendant contends that the People failed to establish to a moral certainty that he possessed the drugs and drug paraphernalia found in a vehicle parked outside of his residence, it is well settled that, even though the trier of fact is "bound to consider the evidence in light of the statutory 'moral certainty' standard, the function of an appellate court reviewing the [sufficiency of the evidence] is limited to assessing whether the inference of wrongful intent logically flowed from the proven facts and whether any valid line of reasoning could lead a rational trier of fact, viewing the evidence in the light most favorable to the People, to conclude that the defendant committed the charged crime" (People v Norman, 85 NY2d 609, 620 [1995]; see People v Chadick, 162 AD3d 1662, 1663 [4th Dept 2018], lv denied 32 NY3d 1002 [2018]).
"Where, as here, there is no evidence that defendant actually possessed the [drugs and drug paraphernalia], the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Pichardo, 34 AD3d 1223, 1224 [4th Dept 2006], lv denied 8 NY3d 926 [2007] [internal quotation marks omitted]; see People v Manini, 79 NY2d 561, 573-574 [1992]; People v Mattison, 41 AD3d 1224, 1225 [4th Dept 2007], lv denied 9 NY3d 924 [2007]). We conclude that there is a valid line of reasoning and permissible inferences to support County Court's conclusion that defendant had constructive possession of the drugs and paraphernalia found in the vehicle (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The keys to the vehicle were found next to defendant, who was alone in his residence. He admitted that the keys on the key chain were his "car keys," and his personal documents were found inside the vehicle in proximity to the contraband, which was in plain view (see People v Velez, 78 AD3d 1522, 1522 [4th Dept 2010]; Mattison, 41 AD3d at 1225; cf. People v Hunt, 185 AD3d 1531, 1532-1533 [4th Dept 2020]).
We further conclude, after viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), that the verdict is not [*2]against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We note that the certificate of conviction incorrectly reflects that defendant was sentenced to five years of postrelease supervision, and it must therefore be amended to reflect that he was sentenced to three years of postrelease supervision (see People v Tumolo, 149 AD3d 1544, 1544 [4th Dept 2017], lv denied 29 NY3d 1087 [2017]; People v Smoke, 43 AD3d 1332, 1333 [4th Dept 2007], lv denied 9 NY3d 1039 [2008]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court