People v Bell (2021 NY Slip Op 05203)





People v Bell


2021 NY Slip Op 05203


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


696 KA 18-00080

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRASHAWN D. BELL, DEFENDANT-APPELLANT. 






WILLIAM CLAUSS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered November 22, 2016. The judgment convicted defendant upon a nonjury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of assault in the second degree (Penal Law § 120.05 [7]), defendant contends that the evidence is legally insufficient to establish that he intended to cause physical injury to the victim and that the victim sustained a physical injury. Because defendant's motion for a trial order of dismissal was not " 'specifically directed' at th[ose] alleged error[s]," defendant failed to preserve his contention for our review (People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crime[] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, based upon our independent review of the evidence, we conclude that a different verdict would have been unreasonable (see People v Peters, 90 AD3d 1507, 1508 [4th Dept 2011], lv denied 18 NY3d 996 [2012]; see generally Bleakley, 69 NY2d at 495). The video of the jail fight supports the conclusion that defendant had the requisite intent to cause physical injury by repeatedly punching the victim (see People v Hernandez, 192 AD3d 1528, 1531 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; People v Stover, 174 AD3d 1150, 1151-1153 [3d Dept 2019], lv denied 34 NY3d 954 [2019]; see also People v Lovenia V., 128 AD3d 537, 537 [1st Dept 2015], lv denied 26 NY3d 931 [2015]) and that the victim sustained a physical injury from the attack (see People v Rudge, 185 AD3d 1214, 1216-1217 [3d Dept 2020], lv denied 35 NY3d 1070 [2020]; see generally People v Chiddick, 8 NY3d 445, 447 [2007]).
Defendant's contention that County Court erred in failing to consider a justification defense pursuant to Penal Law § 35.15 (1) is not preserved for our review because he did not request a justification charge under that section (see People v Hardy, 166 AD3d 645, 647 [2d Dept 2018], lv denied 32 NY3d 1172 [2019]; People v Acevedo, 84 AD3d 1390, 1391 [2d Dept 2011], lv denied 17 NY3d 951 [2011]; see also People v Brown, 194 AD3d 1399, 1400 [4th Dept 2021]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court