People v Murray (2024 NY Slip Op 03630)

People v Murray

2024 NY Slip Op 03630

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

373 KA 20-01137

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AARON J. MURRAY, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered July 30, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]), defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. We reject those contentions.
"Where, as here, there is no evidence that defendant actually possessed the [drugs and drug paraphernalia], the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Pichardo, 34 AD3d 1223, 1224 [4th Dept 2006], lv denied 8 NY3d 926 [2007] [internal quotation marks omitted]; see People v Manini, 79 NY2d 561, 573-574 [1992]; People v Mattison, 41 AD3d 1224, 1225 [4th Dept 2007], lv denied 9 NY3d 924 [2007]). We conclude that there is a valid line of reasoning and permissible inferences to support the jury's determination that defendant had constructive possession of the drugs and paraphernalia found in his mother's residence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Much of the drugs and drug paraphernalia recovered from the residence was found in close proximity to defendant's personal property, "which permits 'the reasonable inference that defendant had both knowledge and possession' of the drugs and paraphernalia" (People v Grovner, 206 AD3d 1638, 1640 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]; see People v Tirado, 47 AD2d 193, 195 [1st Dept 1975], affd 38 NY2d 955 [1976]; People v Slade, 133 AD3d 1203, 1205 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]). The remaining drugs and drug paraphernalia recovered from the residence were " 'readily accessible and available' " to defendant inasmuch as they were located in the same room with or immediately adjacent to the rooms where defendant's possessions were kept (Grovner, 206 AD3d at 1640; see People v Tucker, 173 AD3d 1817, 1818 [4th Dept 2019], lv denied 34 NY3d 938 [2019]; Mattison, 41 AD3d at 1225).
We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court