People v Jordan (2024 NY Slip Op 05686)

People v Jordan

2024 NY Slip Op 05686

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

698 KA 24-00626

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY J. JORDAN, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Barry L. Porsch, A.J.), rendered September 8, 2023. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of assault in the second degree (Penal Law § 120.05 [2]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Based on our independent review of the evidence, we conclude that a different verdict would have been unreasonable (see People v Bell, 198 AD3d 1305, 1306 [4th Dept 2021], lv denied 37 NY3d 1144 [2021]). The victim testified without contradiction that defendant lunged at him with a knife in his hand and that he then felt his neck being slashed, and that testimony was buttressed by photographic evidence depicting blood on defendant's hands (see generally People v Archibald, 148 AD3d 1794, 1794 [4th Dept 2017], lv denied 29 NY3d 1075 [2017]).
Defendant failed to preserve for our review his contention that he was denied a fair trial based on an alleged instance of prosecutorial misconduct during summation inasmuch as defense counsel made only a general objection to that remark, did not ask for a curative instruction or other further action, and based the subsequent motion for a mistrial on different grounds (see People v Lewis, 192 AD3d 1532, 1534 [4th Dept 2021], lv denied 37 NY3d 993 [2021]; see also People v Gibson, 134 AD3d 1512, 1512-1513 [4th Dept 2015], lv denied 27 NY3d 1151 [2016]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, we conclude that County Court did not err in admitting in evidence testimony from two police officers that defendant was agitated and screaming obscenities after the incident inasmuch as the testimony was relevant to defendant's consciousness of guilt (see People v Nelson, 133 AD3d 536, 537 [1st Dept 2015], lv denied 26 NY3d 1148 [2016], lv denied 28 NY3d 1148 [2017]) and to complete the narrative of defendant's arrest (see People v Dorm, 47 AD3d 503, 503 [1st Dept 2008], affd 12 NY3d 16 [2009]), and it "was not so inflammatory that its prejudicial effect exceeded its probative value" (People v Spencer, 181 AD3d 1257, 1262 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]). Additionally, defendant's assertion that the victim's testimony falsely characterized him as having engaged in physical altercations prior to the incident is unsupported by the record.
We reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to request an adverse inference instruction concerning missing video [*2]surveillance evidence. Defense counsel cannot be deemed ineffective for failing to make a motion or argument that has little or no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]), and there was no basis for requesting an adverse inference instruction here because defendant failed to establish that the missing video evidence was destroyed by agents of the government (see People v Jones, 211 AD3d 1594, 1596-1597 [4th Dept 2022], lv denied 39 NY3d 1111 [2023]; People v Bonaparte, 196 AD3d 866, 869-870 [3d Dept 2021], lv denied 37 NY3d 1025 [2021]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court