People v Keane (2025 NY Slip Op 04414)

People v Keane

2025 NY Slip Op 04414

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

572 KA 20-01032

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY C. KEANE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered July 19, 2019. The appeal was held by this Court by order entered November 17, 2023, decision was reserved and the matter was remitted to Jefferson County Court for further proceedings (221 AD3d 1586 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant was convicted following a jury trial of unlawful manufacture of methamphetamine in the third degree (Penal Law § 220.73 [1]) and, in appeal No. 2, he was convicted following the same jury trial of sexual abuse in the first degree
(§ 130.65 [4]), attempted use of a child in a sexual performance
(§§ 110.00, 263.05), forcible touching (§ 130.52 [1]), and endangering the welfare of a child (§ 260.10 [1]). We previously held this case, reserved decision, and remitted the matter to County Court for a ruling on defendant's motion for a trial order of dismissal, on which the court had failed to rule (People v Keane, 221 AD3d 1586, 1590 [4th Dept 2023]). Upon remittal, the court (Renzi, J.) denied the motion. We affirm.
In appeal No. 1, defendant contends in his pro se supplemental brief and his main brief on resubmission that the evidence is legally insufficient to support the conviction of unlawful manufacture of methamphetamine in the third degree, inasmuch as the People did not establish that he had constructive possession of the contraband in question. We reject that contention. "Where, as here, there is no evidence that [the] defendant actually possessed the [contraband in question], the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found" (People v Pichardo, 34 AD3d 1223, 1224 [4th Dept 2006], lv denied 8 NY3d 926 [2007] [internal quotation marks omitted]; see People v Manini, 79 NY2d 561, 573-574 [1992]; People v Mattison, 41 AD3d 1224, 1225 [4th Dept 2007], lv denied 9 NY3d 924 [2007]). We conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant had constructive possession of the laboratory equipment, and precursors, chemical reagents, or solvents, used for manufacturing methamphetamine, found in his former residence (see People v Nevins, 196 AD3d 1110, 1111 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant had resided in the house where the chemicals and materials for manufacturing methamphetamine were found, and while he lived there he came under investigation by the police for repeatedly purchasing pseudoephedrine and neighbors complained about strange odors and many people going in and out of the premises. Although defendant was evicted from the property approximately two weeks before the search warrant was executed, the chemicals and materials were scattered throughout the home in plain view and the investigators were able to determine that they had been in the house for months (see Nevins, 196 AD3d at 1111-1112; People v Maricle, 158 AD3d 984, 986 [3d Dept 2018]; see generally People v Torres, 68 NY2d 677, 678-679 [1986]).
In appeal No. 2, defendant contends in his pro se supplemental brief that the evidence is legally insufficient to support the conviction of attempted use of a child in a sexual performance. We reject that contention. In order to be legally sufficient to support a conviction of an attempt to commit a charged crime, "the evidence must establish that defendant engaged in conduct that 'tends to effect the commission of such crime' " (People v Lendof-Gonzalez, 170 AD3d 1508, 1509 [4th Dept 2019], affd 36 NY3d 87 [2020], quoting Penal Law § 110.00). We conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant engaged in conduct that tended to effect the use of a child in a sexual performance. The minor victim testified that defendant asked her to engage in sexual performances on camera, and defendant admitted during his recorded interview that he "may have" told the minor victim to film herself while engaging in a sexual performance. "It is the 'province of the jury' to assess witness credibility . . . , and we therefore assume on a legal sufficiency review that the jury credited the People's witnesses" (People v Freeland, 213 AD3d 1240, 1242 [4th Dept 2023], quoting People v Li, 34 NY3d 357, 364 [2019]).
Finally, in appeal Nos. 1 and 2, after viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see Bleakley, 69 NY2d at 495).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court